**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JEFF E. HAUSE, | CIVIL ACTION NO. 08-4880 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| UNITED STATES OF AMERICA, et al., |  |
| Defendants. |  |

**PLAINTIFF** commencing this action to recover damages under the Federal Tort Claims Act ("FTCA") for alleged injuries sustained at a United States Postal Service facility (dkt. entry no. 1, Compl.); and plaintiff having previously sought the same relief in another action before this Court ("First Action"), see Hause v. United States, No. 07-5817 (MLC), dkt. entry no. 1, Compl.; and the Court having dismissed the Complaint in the First Action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) because plaintiff submitted a deficient administrative claim, and thus failed to exhaust all administrative remedies under the FTCA, 28 U.S.C. § ("Section") 2675(a), see id., dkt. entry nos. 17, 18 ("9-26-08 Memorandum Opinion & Order"); and plaintiff having moved for reconsideration of the 9-26-08 Memorandum Opinion & Order, but the Court having denied the motion, see id., dkt. entry nos. 19, 22, 24; and plaintiff arguing, in this action, that he has exhausted

all administrative remedies because the Complaint in the First Action served as a sufficient administrative claim under the FTCA, Section 2675(a) (dkt. entry no. 14, Pl. Br. at 4-6); and defendants, inter alia, moving to dismiss the Complaint pursuant to Rule 12(b)(6) (dkt. entry no. 12); and plaintiff opposing the motion (dkt. entry no. 14); and

**THE COURT NOTING** that under Rule 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted," Fed.R.Civ.P. 12(b)(6); and it appearing that a litigant must seek relief from a judgment or an order issued by a district court judge from (1) the same judge, or (2) the proper Court of Appeals, see Fed.R.Civ.P. 60; L.Civ.R. 7.1(i); Fed.R.App.P. 3-5; Falade v. United States, 237 Fed.Appx. 723, 725 (3d Cir. 2007) (dismissing appeal from order dismissing complaint, inter alia, because plaintiff sought relief in the wrong court); Olaniyi v. Alexa Cab Co., 239 Fed.Appx. 698, 699 (3d Cir. 2007) (affirming order dismissing complaint, because "to the extent [the plaintiffs] were simply seeking to challenge the decision issued by [another judge in the same district], they were required to do so by filing a motion for reconsideration in that case or seeking appellate review of the order of dismissal in th[e] Court [of Appeals]"); see also Jackson v. Gambino, No. 08-3983, 2009 U.S. Dist. LEXIS 20270, at *2 (D.N.J. Mar. 13, 2009); and

**PLAINTIFF** having sought relief from the 9-26-08 Memorandum Opinion & Order in this Court already, arguing, <u>inter alia</u>, that "despite plaintiff having provided defendants with a courtesy copy of the complaint upon filing, which it asserts corrected the deficient [notice] and 'constituted effective notice,' this Court mistakenly found that the FTCA administrative remedies had not been exhausted," <u>see</u> <u>Hause v. United States</u>, No. 07-5817 (MLC), dkt. entry no. 24, 12-10-08 Order at 3; but the Court having determined that the First Action Complaint had not corrected the deficient notice or "constitute[d] effective notice" to defendants, and thus having denied the motion for reconsideration, <u>id.</u> at 4; and, rather than seeking appellate review of the order of dismissal, the plaintiff having instituted this action seeking identical relief  (<u>see</u> Compl.);[1] and

---

[1] Moreover, plaintiff has cited no authority to support its argument that the Complaint in the First Action, seeking the same relief as in the current action, may serve as sufficient notice to the Government under Section 2675(a).  The First Action Complaint was dismissed because the administrative claim filed by plaintiff was deficient – "the [Government] was not given the correct location of the [alleged] accident, [and thus] did not have the basic information necessary to perform a reasonably thorough investigation and facilitate settlement."  <u>See</u> <u>Hause v. United States</u>, No. 07-5817 (MLC), dkt. entry no. 17.  The dismissal in September 2008 was past the two-year statutory period to file a proper administrative claim for the Government to waive sovereign immunity, and thus plaintiff was barred from filing a new administrative claim at that time.  <u>See</u> 28 U.S.C. § 2401(b).  Although the First Action Complaint was filed within the two-year statutory period, there has been no authority

**THE COURT THUS** intending to grant defendant's motion and dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim; and the Court having considered the matter without oral argument pursuant to Rule 78(b); and for good cause appearing, the Court will issue an appropriate Order and Judgment.

                                                  s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

Dated: April 17, 2009

---

presented showing it would have provided the Government with sufficient notice of the new claim while the claim seeking identical relief was ongoing.  See Hause v. United States, No. 07-5817 (MLC), dkt. entry no. 24, 12-10-08 Order at 3-4.